DAVID E. McALLISTER (AZ BN 021551)
JOSEPHINE E. PIRANIO (AZ BN 020630)
PITE DUNCAN, LLP
525 E. Main Street
P.O. Box 12289
El Cajon, CA 92022-2289
Telephone: (619) 590-1300
Facsimile: (619) 590-1385
jsalmon@piteduncan.com

Attorneys for AURORA LOAN SERVICES LLC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA - PHOENIX DIVISION

| In re | Case No. 2:09-bk-19330-CGC |
|---|---|
| CHAD SPEER and REBECCA SPEER, | Chapter 13 |
| Debtor(s). | **OPPOSITION TO DEBTORS' OBJECTION TO AURORA LOAN SERVICES LLC'S PROOF OF CLAIM** |

Aurora Loan Services LLC (hereinafter "Creditor"), Secured Creditor of the above-entitled DebtorsChad Speer and Rebecca Speer (hereinafter "Debtors"), hereby submits its Opposition to Debtors' Objection to its Proof of Claim.

## I.

## STATEMENT OF FACTS

1.  On or about March 12, 2007, Debtors, for valuable consideration, made, executed and delivered to Lehman Brothers Bank, FSB ("Lender") a Promissory Note in the principal sum of $375,000.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments. A true and correct copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

2.  As security for the Note, on our about March 12, 2007, Debtors also executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 28225 N 31st Lane, Phoenix, Arizona 85085 (hereinafter, the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on

March 13, 2007, in the official records of the Maricopa County Recorder's office. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

3. Pursuant to page 2, paragraph E of the Deed of Trust, Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary of the Deed of Trust, as a nominee for lender and Lender's successors and assigns.

4. Subsequently, the Note was specially indorsed to Creditor and Creditor remains in rightful possession of the specially indorsed Note. Moreover, all right, title and interest under the Note and Deed of Trust was assigned to Creditor. A true and correct copy of the Corporation Assignment of Deed of Trust is attached hereto as **Exhibit C** and incorporated herein by reference

5. Debtors defaulted with payments under the Note and are contractually due for July 1, 2009.

6. On or about August 12, 2009, Debtors filed the present Chapter 13 bankruptcy petition.

7. The pre-petition arrearage on Creditor's secured claim is in the sum of $5,519.95. A true and correct copy of Creditor's Proof of Claim is attached hereto as **Exhibit D** and incorporated herein by reference.

8. On or about October 7, 2009, Debtors filed their Objection to Creditor's Proof of Claim wherein they allege that Creditor has not shown proof of standing and that Creditor's Proof of Claim does not include any assignment of interest to Aurora Loan Services, LLC.

9. On October 23, 2009, Creditor filed an Amended Proof of Claim. Attached to the Amended Proof of Claim is a copy of the Note, including the special indorsement to Creditor, and the Assignment of the Deed of Trust evidencing that Creditor is the current beneficiary under the Deed of Trust. A true and correct copy of the Amended Proof of Claim is attached hereto as **Exhibit E** and incorporated herein by reference.

/./././
/./././
/./././
/./././

# II.

# ANALYSIS

**A. CREDITOR HAS STANDING TO ENFORCE THE NOTE AND DEED OF TRUST AND, THUS, DEBTORS OBJECTION MUST BE OVERRULED**

1. *Legal Standard.*

The Proof of Claim, if filed in accordance with Section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim pursuant to Federal Rule of Bankruptcy Procedure 3001(f) and Section 502(a). (In re Consolidated Pioneer Mortg., 178 B.R. 222 (9th Cir. BAP 1995).

After an objection is raised, the objecting party bears the burden of going forward to produce evidence sufficient to negate the prima facie validity of the filed claim. In re Allegheny Intern. Inc., 954 F.2d 167, 173 (3rd Cir. 1992). If the objecting party produces evidence sufficient to negate the validity of the claim, the ultimate burden of persuasion remains on the claimant to demonstrate by a preponderance of the evidence that the claim deserves to share in the distribution of the debtor's assets. Allegheny, 954 F.2d at 174; In re Holm, 931 F.2d 620, 623; 3 Lawrence P. King, Collier on Bankruptcy § 502.02, at 502-22 (15th Ed. 1993).

The *prima facie* validity and amount of Creditor's Proof of Claim has been challenged by the Debtors' Objection to the Claim. For the reasons detailed more fully below, Creditor has standing to enforce the terms of the Note and Deed of Trust and, thus, is entitled to payment on its claim.

2. *Creditor Qualifies as the Note Holder under the Arizona Revised Statute and, Thus, Has Standing to Enforce the Note*

In order to determine whether Creditor has standing to enforce the Note in the instant case, the court must look to the Arizona Revised Statute ("ARS"), which is the substantive state law governing negotiable instruments. ARS § 47-3301 provides that the person entitled to enforce an instrument means (a) **the holder of the instrument**, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 47-3309 or section 47-3418. (emphasis added). ARS § 47-1201(21)(a) defines "Holder" as the "person in possession of a negotiable instrument that is

payable either *to bearer*, or *to an identified person that is the person in possession*." (emphasis added). ARS § 47-1201(5) defines "Bearer" as "a person in control of a negotiable electronic document of title or a person in possession of a negotiable instrument, negotiable tangible document of title or certificated security that is *payable to bearer or indorsed in blank*." (emphasis added).

In the instant case, the Note was made payable to the order of Lender, the payee. The payee of an instrument may negotiate it by indorsing it and delivering it to another person or entity, who then becomes its holder. (See ARS § 47-3201). ARS § 47- 3201 provides in pertinent part:

> A. "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.
>
> B. Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

Since the Note was made payable to the order of Lender, an identified party, in order to negotiate the Note, Lender was required to: (1) transfer possession of the Note; and (2) indorse the Note to the transferee, or in blank. Subsequent to the Debtors' execution of the Note, Lender properly negotiated the Note by indorsing the Note to Lehman Brothers Holding Inc. Thereafter, Lehman Brothers Holding Inc. negotiated the Note by: (1) specially indorsing the Note to Creditor; and (2) transferring possession of the Note to Creditor. (See **Exhibit A**). Since Creditor remains in rightful possession of the specially indorsed Note, it qualifies as the Note holder and has standing to enforce the Note under Arizona law.

*2. The Beneficial Interest in the Deed of Trust Necessarily Follows the Note*

It is well established that the transfer of a note secured by a deed of trust carries with it the security, without any formal assignment or delivery, or even mention of the latter. Carpenter v. Longan, 83 U.S. 271, 275 (1873). It follows that "a mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation that the mortgage secures." *Restatement (Third) of Property (Mortgages)* § 5.4 (citing Carpenter).

/././

In the instant case, the Note is the obligation that is secured by the Deed of Trust. Pursuant

to Supreme Court precedent, any transfer of the Note necessarily carries with it the security, without the need for any formal assignment. As previously discussed, Creditor qualifies as the Note holder with standing to enforce the instrument. Accordingly, Creditor is the party entitled to enforce the Deed of Trust, regardless of whether there was any formal assignment of the beneficial interest in the Deed of Trust. Notwithstanding this well settled principle, an Assignment was recorded in the Maricopa County Recorder's Office wherein Creditor is reflected as the record beneficiary under the Deed of Trust. (See **Exhibit C**). Based upon the foregoing, Creditor has standing to enforce the Note and Deed of Trust. Consequently, Debtors' Objection must be overruled.

**WHEREFORE**, Creditor respectfully requests:

A. That the Debtor's Objection be overruled and Creditor's Proof of Claim be allowed;

B. For reasonable attorneys' fees and costs; and

C. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 23, 2009         PITE DUNCAN, LLP

JES 020630
JOSEPHINE E. PIRANIO
Attorneys for AURORA LOAN SERVICES LLC