JOSEPH W. CHARLES, ESQ #3038
5704 West Palmarie Avenue P.O. BOX 1737
Glendale, AZ 85311-1737
623-939-6546
623-939-6718 Fax
attyjcharles@joe charles.com
Attorney for Debtors

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CHAD SPEER and REBECCA SPEER,<br>Debtor(s). | Case No.2:09-bk-19330-CGC<br><br>**RESPONSE TO CLAIMANT'S OPPOSITION TO DEBTORS' OBJECTION TO AURORA LOAN SERVICES LLC's PROOF OF CLAIM** |

      The Debtors CHAD SPEER and REBECCA SPEER reply to Aurora Loan Services LLC's ("aurora") opposition as follows:

      Debtors substantially agree with the facts as Aurora has stated them. However, Debtor still questions Aurora's ability to bring this action. Aurora admits in their opposition that Lehman Brothers Bank, FSB is the lender and holder of the note. Rather than producing and putting forth an allonge to the note signed by a representative of Lehman Brothers Bank, FSB, as historically has been the legal standard, Aurora presents a "Corporate Assignment of Trust."

      This "assignment" purports to give Mortgage Electronic Registration Systems, Inc ("MERS") authority to unilaterally alter the holder of the note and Deed of Trust. Aurora cites no authority authorizing such a transfer and the Debtors know of none. Thus, absent an allonge

1

to the note, only Lehman Brothers Bank, FSB or someone validly assigned their rights have standing to bring any proof of claim to this court.

The date of the transfer is also suspect. Are we to believe that it is a coincidence that this assignment and the proof of claim were created on the exact same day? The fact that these were done simultaneously raises the Debtors' suspicions even further as to the validity of this claim. One wonders if the "assignment" was done after Aurora recognized that their proof of claim was lacking and had this document created. Also troubling is the fact that this document was not recorded. A search of the Maricopa County Recorder reveals the Debtors' selling their previous property, buying the property in question, and the note with Lehman Brothers Bank, FSB, but strangely this "assignment" is missing.

Importantly, courts have been questioning MERS' ability to act in their own name. *Landmark National Bank v. Kesler*, No. 98, 489 (Kan. Aug. 8, 2009), *available at* http://www.kscourts.org/Cases-and-Opinions/opinions/supct/2009/20090828/98489.htm; *MERS, Inc. v. Southwest Homes of Arkansas*, No. 08, 1299 (Ark. Mar. 19, 2009), *available at* http://courts.arkansas.gov/court_opinions/sc/2009a/20090319/published/08-1299.pdf; *Bellistri v Ocwen Loan Servicing, LLC*, 284 S.W.3d 619 (Mo. App. 2009); *In re: Joshua & Stephanie Mitchell*, BK-S-07-16226-LBR, *available at* http://www.nvb.uscourts.gov/Opinions/Riegle/07-16226%20Opinion.pdf. The Landmark case went so far as to say that MERS relationships are "…more akin to that of a straw man than to a party possessing all the rights of a given buyer." *Landmark National Bank v. Kesler*, No. 98, 489 (Kan. Aug. 8, 2009), *available at* http://www.kscourts.org/Cases-and-Opinions/opinions/supct/2009/20090828/98489.htm. The Southwest case took it a step further and said, "We specifically reject the notion that MERS may act on its own, independent of the direction of the specific lender who hold the repayment

interests in the security instrument at the time MERS purports to act." *MERS, Inc. v. Southwest Homes of Arkansas*, No. 08, 1299 Ark. Mar. 19, 2009), *available at* http://courts.arkansas.gov/court_opinions/sc/2009a/20090319/published/08-1299.pdf. This authority and the circumstances in this case force the Debtors to wonder if MERS has simply created a new straw man that has yet to be questioned by the courts.

THEREFORE, Debtors object to the proof of claim filed on behalf of Aurora Loan Services LLC and asks that their claim be denied.

DATED this 12th day of November 2009.

JOSEPH W. CHARLES, P.C.

/s/ Joseph W. Charles
Joseph W. Charles
5704 W. Palmaire Avenue
P.O. Box 1737
Glendale, AZ 85311
Attorney for Debtors

COPY of the foregoing
Mailed this 12th day of
November 2009, to:

Josephine E. Piranio
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Attorney for Aurora Loan Services LLC

Edward J. Maney
P.O. Box 10434
Phoenix, AZ 85064-0434
Trustee

___C. Short_____